DOUGLAS COUNTY BANK v. F. L. AYRES, *Receiver of The Farmers' State Bank.*

**No. 379.**  (58 Pac. 491.)

AGENCY—*Parol Evidence—Demurrer.*  The petition set forth, and *held,* that the facts stated therein are sufficient to constitute a cause of action.

Error from Sedgwick district court; C. REED, judge. Opinion filed October 12, 1899.  Reversed.

*N. A. Yeager,* and *J. Q. A. Norton,* for plaintiff in error.

*Lafe Knowles,* and *G. P. Aikman,* for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J. : The Douglas County Bank, plaintiff in error, brought this action against F. L. Ayres, as receiver of .the Farmers' State Bank, to recover upon a promissory note executed by one E. R. Grant, of which the following is a copy :

"$1500.                  AUGUSTA, KAN., January 5, 1891.

"Sixty days after date we, I, promise to pay to the Douglas County Bank, or order, the sum of $1500, for value received, with interest from maturity at the rate of ten per cent. per annum, and I hereby waive all benefits derived from and under the exemption laws of the state of Kansas, and have deposited with said bank as collateral security, with authority to sell the same at Lawrence or Augusta, Kan., at public or private sale, at its option, on the non-performance of this promise, the following certificates of stock in the Farmers' State Bank, of Augusta, Kan., being number seventy-three (73) and seventy-four (74), of fifty shares each.                                E. R. GRANT."

Defendant demurred to the petition upon the ground that it did not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant. The demurrer was sustained, and judgment rendered upon the pleadings in favor of defendant. Plaintiff complains of the ruling and judgment, and brings the case here for review.

The petition is too long to be set out in this opinion, but, in substance, it alleged that Grant was cashier and general manager of the Farmers' State Bank, and as such officer had power to borrow money, rediscount bills and notes, and do all other acts necessary for the conducting of said banking business; that Grant, as said cashier, did sell and transfer to said plaintiff certain notes made payable to and belonging to said Farmers' State Bank, and did indorse and

guarantee in writing the payment thereof to plaintiff, and thereby promised to pay the said plaintiff $1500; that when the notes rediscounted became due, said Farmers' State Bank, by E. R. Grant, its cashier, as aforesaid, procured from plaintiff a loan of $2000, and that Grant executed his promissory note in writing, and secured the same by depositing certain certificates of stock in the Farmers' State Bank with said plaintiff; that, of the amount so borrowed, $1500 was applied to take up the aforesaid rediscounted notes, and that said notes were returned to the said Farmers' State Bank by plaintiff and placed among and included in the assets of said bank, and the remaining $500 was placed to the credit of said bank by said plaintiff, and that the said additional sum was accepted and received from said plaintiff by said Farmers' State Bank, and the same was used by said bank in the regular course of its business, and that a record thereof was made on the books and records of said bank at the time by its proper officer as a liability thereof.

The petition then alleged that certain extensions of time for the payment of said indebtedness were granted, a new note being given each time an extension was granted, and that the note in suit was given to secure an extension of such indebtedness. It was also alleged that the note in suit was executed by Grant as cashier and general manager of the bank for the sole use and benefit of the bank, and that the said indebtedness was duly recorded in the bank's books at the time by the proper officer thereof as a liability of said bank, and said promissory note was received and accepted from said cashier and general manager of said bank by said plaintiff as an indebtedness against said bank.

The only question to be determined by this court is, Was parol evidence admissible under this petition to show the capacity in which Grant signed the note? If such testimony was not admissible, then the court did not err in sustaining the demurrer, because Grant, and not the bank, would be liable. If such evidence was admissible, the demurrer should have been over-ruled. We think that, under the allegations of the petition, the capacity in which Grant signed could be shown by parol. The giving of the note sued upon constituted one of a series of transactions all connected together and alleged to be for the sole use and benefit of the bank, and a record of such transactions was, in each instance, entered upon the books of the bank by the proper officer.

We think that the district court erred in sustaining the demurrer to the petition, and the cause will therefore be reversed, and remanded for further proceedings.